IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

UNITED STATES OF AMERICA

vs.                                                    CASE NO.  4:01cr61-SPM

MOZELLA GAINOUS, JR.

            Defendant.
_____/

## **ORDER GRANTING MOTION TO STAY**

        This cause comes before the Court on the Motion to Stay Condition of
Supervised Release Pending Appeal (doc. 57) filed by Defendant Mozella
Gainous, Jr.  The Government filed a response (doc. 58).

        Defendant requests a stay of the condition of supervised release that
requires him to sell his house.  He argues that the condition is inappropriate
because the Court did not make a finding that Defendant was in default on
payment of restitution so as to justify the ordered sale under Title 18, United
States Code, Section 3613(A)(a)(1).  Defendant also argues that the ordered
sale of the house is contrary to Florida's Homestead Exemption Act, Article X,
Section 4 of the Florida Constitution.

        The Court heard testimony regarding Defendant's violations on October
15, 2007, and again on November 19, 2007.  The testimony at the hearings

revealed that Defendant misrepresented his financial condition to his probation officer to avoid payment of restitution. Defendant accrued over $10,000.00 in cash, which he kept under his mattress, under a sink, and in his suit jacket pocket. He used that money to pay closing costs on the house instead of making restitution payments.

The Court found that Defendant violated multiple conditions of his supervised release related to the payment of restitution. The first violation is Defendant's failure to provide documentation for his claim that he was making monthly payments of $1,000.00 to the IRS for back taxes. Defendant did not provide the documentation to support his claim, as directed by the probation officer. Defendant admitted at the hearing that he was not making the $1,000.00 payments. The probation officer testified that based on Defendant's representation, he did not seek to increase Defendant's monthly restitution payments from $300 to $1,300.00.

The second and third violations involved Defendant's purchase of the house and failure to include the purchase on his written monthly report. After Defendant had already purchased the house, he asked the probation officer for permission to do so. The probation officer advised Defendant that if he had money to buy a house, that money should be put toward Defendant's restitution obligation. The probation officer did not learn about the purchase until later because Defendant did not include the purchase on his written monthly report.

Together these violations show that Defendant made material misrepresentations about his ability to pay restitution and used funds that would have been ordered to pay restitution to buy the house instead.  Defendant was required under the terms of his judgment (doc. 21, p. 6) and Title 18, United States Code, Section 3664(k) to notify the Court of material changes in his financial condition that might affect his ability to pay restitution.  Had Defendant complied with the requirement, his restitution payments would have been increased to reflect his ability to pay.  Instead, Defendant withheld material information about his financial condition to avoid making restitution payments. Defendant effectively defaulted on his obligation to pay restitution.

The ordered sale of the house, which Defendant purchased with funds that should have been applied toward restitution, is appropriate under Title 18, United States Code, Sections 3613A(a)(1) and 3664(k).  Under section 3513A(a)(1), the Court may "order the sale of the property of the defendant" upon a finding of default.  Defendant was in default.  Under section 3664(k), the Court may adjust a defendant's restitution payment schedule or require immediate payment in full "as the interests of justice require" when the defendant's economic circumstances change materially.  The interests of justice require sale of the house.

In addition, the sale of the house is appropriate as a condition of

supervision under Title 18, United States Code, Sections 3583(d) and

3553(a)(2)(A), to promote respect for the law and provide just punishment to

Defendant.  Disgorgement of the house is appropriate since Defendant obtained

the house by misrepresenting his financial condition and by defaulting on his

obligation to pay restitution.  Defendant should not be allowed to keep a house

that he obtained by defrauding the probation officer and the Court.

      As for Defendant's argument that the house cannot be sold due to

Florida's Homestead Exemption Act, the Eleventh Circuit has held in various

circumstances that Florida's Homestead Exemption Act is preempted by federal

law.  See United States v. Fleet, 498 F.3d 1225, 1227-32 (11th Cir. 2007)

(criminal forfeiture substitute property, 21 U.S.C. § 853(p)); United States v. Lot

5, Fox Grove, Alachua County, Fla., 23 F.3d 359, 361-63 (11th Cir. 1994) (civil

forfeiture, 21 U.S.C. § 881(a)(7)); United States v. One Singe Family Residence

Located at 18755 North Bay Road, Miami, 13 F.3d 1493, 1497-98 (11th Cir.

1994) (forfeiture for illegal gambling, 18 U.S.C. § 1955(d)).  Although the

Eleventh Circuit has not addressed preemption in the context of restitution, the

First Circuit has held that restitution orders are enforceable against "all property"

under the terms of Title 18, United States Code, Section 3613(a) and (f), thus

preempting state homestead exemptions.  United States v. Hyde, 497 F.3d 103,

107 (1st Cir. 2007).  The Court finds the reasoning of the First Circuit to be

persuasive.

Nevertheless, the Court will grant a stay to Defendant so he can effectively challenge the ordered sale of his house.  In determining whether to grant a stay this Court considers four factors: (1) whether the movant has demonstrated a likelihood it will prevail on appeal; (2)whether the movant will suffer irreparable harm absent a stay; (3) whether another interested party will suffer substantial injury if the stay is issued; and (4) the effect of the stay on the public interest.  Hilton v. Braunskill, 481 U.S. 770, 776 (1987).   Applying the factors to this case, the issues Defendant raises are legitimate, even if this Court finds that he is not likely to prevail on appeal.  Furthermore, if Defendant prevails on appeal but his house is sold while the appeal is pending, he will suffer irreparable injury.  Granting a stay will not result in substantial injury to the Government or to any other party.  The stay will not harm the public interest. Based on the foregoing, it is

ORDERED AND ADJUDGED that the Motion to Stay Condition of Supervised Release Pending Appeal (doc. 57) is granted.

DONE AND ORDERED this 8th day of January, 2008.

*s/ Stephan P. Mickle*

Stephan P. Mickle
United States District Judge

CASE NO.  4:01cr61-SPM